**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paolo Michael Buccellato, | No. CV-25-00243-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's Attorney Robin Larkin's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Motion"). (Doc. 18.) The Commissioner of the Social Security Administration ("Commissioner") "neither supports nor opposes counsel's request for attorney's fees." (Doc. 20 at 2.) The Court will grant the Motion.

## I.    BACKGROUND

An administrative law judge initially denied Plaintiff Paolo Michael Buccellato's claim for Social Security Disability benefits on July 24, 2024, and the SSA Appeals Council denied a request for review on December 6, 2024. (Doc. 1 at 2.) After Plaintiff sought judicial review of that decision from this Court, the parties agreed to a stipulated remand for further proceedings. (Doc. 13.) This Court entered its order on April 1, 2025, reversing the decision of the Administrative Law Judge and remanding this case to the agency for further proceedings. (Doc. 14.) The Court also granted the parties' Stipulation for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,913.98. (Doc. 17.)

On remand, the SSA found that Plaintiff was entitled to disability benefits beginning in December 2021. (Doc. 19-1 at 3.) In its Notice of Award, the SSA notified Plaintiff that it withheld $21,761 to pay attorney fees. (*Id.* at 6 ("[W]e must withhold part of past-due benefits to pay an appointed representative.").) Attorney Robin Larkin, Plaintiff's attorney, now asks the Court to award her $10,000 pursuant to 42 U.S.C. § 406(b), and refund to Plaintiff the lesser of the fee awarded under EAJA and § 406(b). (Doc. 19.)

## II.    LEGAL STANDARD

When a court renders a favorable judgment to a Social Security claimant represented by an attorney, the court may determine a reasonable fee for the representation, provided that fee is not more than 25 percent of the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). A court gives primacy to a contingent-fee agreement between the claimant and her attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court then determines reasonableness based on the character of the representation and the results achieved. *Id.* at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1149, 1151 (9th Cir. 2009). A court can adjust downward if "the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

The SSA has no direct interest in how much of the award goes to counsel, so district courts have an affirmative duty to determine whether the fee is reasonable. *Id.* at 1149. If a claimant's attorney receives fees under both EAJA and § 406(b), the claimant's attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## III.    DISCUSSION

The Court finds that the requested $10,000 is reasonable under the *Gisbrecht* factors. Under their contingent-fee agreement, Plaintiff agreed to pay 25 percent of all past-due benefits awarded to him, which would be $21,761 if enforced. (Doc. 19-2 at 2.) Larkin requests a substantially lower $10,000 fee, roughly 11.5 percent of the total award. (*See* Doc. 19-1 at 6 (awarding $87,044 for past-due benefits).) Larkin's itemization of services indicates she spent 7.6 hours rendering services to her client. (Doc. 19-3 at 2.) Awarding the full amount requested would result in a rate of $1,315.79 per billed hour ($10,000/7.6).

The Court finds this rate to be reasonable. *See Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (D. Ariz. May 8, 2025) (holding that an hourly rate of $1,482.05 was "on the high end of acceptable rates" but "still within the range of reasonableness").

On this record, there is no reason to believe that Larkin provided substandard representation or caused delay. *Crawford*, 586 F.3d at 1151. A $10,000 award would not result in a windfall. *See id.* Larkin was able to achieve the favorable result for Plaintiff, namely that the Commissioner awarded the requested disability benefits. *Gisbrecht*, 535 U.S. at 808. Considering the *Gisbrecht* reasonableness factors, the Court finds that a $10,000 fee award is reasonable and will approve the award in this amount. Because she also received an EAJA award, Larkin must "refund to the claimant the amount of the smaller fee." *Id.* at 796.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), (Doc. 18.) is **GRANTED** in the amount of $10,000.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA in the amount of $1,913.98.

Dated this 27th day of July, 2026.

Michael T. Liburdi
United States District Judge

- 3 -